LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| DONIEKA CANARIO, *on behalf of herself,* *FLSA Collective Plaintiffs and the Class,* | Case No.: |
| Plaintiffs, | **CLASS AND COLLECTIVE** **ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| VALLEY SHEPHERD LLC d/b/a MELTKRAFT, VALLEY SHEPHERD 442 LLC d/b/a MELTKRAFT, VALLEY SHEPHERD H3 LLC d/b/a MELTKRAFT, JOHN DOE CORP. 1 d/b/a MELTKRAFT, JOHN DOE CORP. 2 d/b/a MELTKRAFT, ERAN WAJSWOL and DEBRA VAN SICKLE, | |
| Defendants. | |

---

Plaintiff, DONIEKA CANARIO ("Plaintiff"), on behalf of herself and others similarly

situated, by and through her undersigned attorneys, hereby file this class and collective action

Complaint against VALLEY SHEPHERD LLC d/b/a MELTKRAFT, VALLEY SHEPHERD

442 LLC d/b/a MELTKRAFT, VALLEY SHEPHERD H3 LLC d/b/a MELTKRAFT, JOHN

DOE CORP. 1 d/b/a MELTKRAFT, JOHN DOE CORP. 2 d/b/a MELTKRAFT, ("Corporate

Defendants"), ERAN WAJSWOL and DEBRA VAN SICKLE ("Individual Defendants")

(Corporate Defendants and Individual Defendants are each individually referred to as a

"Defendant" and collectively "Defendants") and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C.

§§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from

Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she

and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime

compensation, (2) unpaid spread-of-hours premium (3) statutory penalties, (4) liquidated damages

and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28

U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims

pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.     Plaintiff, DONIEKA CANARIO, for all relevant time periods, was a resident of

New York County, New York.

6.     The Defendants operate a chain of restaurants under a common trade name,

"MeltKraft" in the following locations:

      a.  VALLEY SHEPHERD LLC − 1000 S 8th Avenue, New York, NY 10019

          (retail concourse located at the 59th Street Columbus Circle Subway Station

a/k/a Turnstyle at Columbus Circle, in New York, NY 10023) ("Columbus Circle/Turnstyle");

b. VALLEY SHEPHERD 442 LLC – 211 7th Avenue, Brooklyn, NY 11215 ("Park Slope");

c. VALLEY SHEPHERD 442 LLC – 101 MacDougal Street, New York, NY 10012 ("Greenwich Village");

d. VALLEY SHEPHERD H3 LLC & VALLEY SHEPHERD LLC – 3 Hanover Square, Store #7, New York, NY 10005 ("Financial District");

e. JOHN DOE CORP. 1 – 151 E 43rd Street, New York, NY 10017 ("Midtown East"); and

f. JOHN DOE CORP. 2 – 41 W 40th Street, New York, NY 10018 ("Bryant Park-Winter Village").

(collectively, the "MeltKraft restaurants").

7.     The MeltKraft restaurants operate as a single integrated enterprise. Specifically, the MeltKraft restaurants engaged in related activities, share common ownership and have a common business purpose:

a. The MeltKraft restaurants are commonly owned and operated by the Individual Defendants and Corporate Defendants;

b. The MeltKraft restaurants are jointly advertised in social medias, such as Twitter and Instagram, and share the same trade name, logo, menu, source of major ingredients, a copy of the screenshots of MeltKraft restaurants' Twitter account, Instagram account, homepage is annexed as **EXHIBIT A**;

c. Supplies and employees are interchangeable among the MeltKraft restaurants;

3

    d.   Corporate Defendant VALLEY SHEPHERD 442 LLC stated in the Complaint of a state lawsuit against their landlord, under the caption *VALLEY SHEPHERD 442 LIMITED LIABILITY COMPANY v. KC3-101 MACDOUGAL STREET LLC*, Index No.: 655986/2016 ("first state lawsuit"), that VALLEY SHEPHERD 442 LLC "is a company that was opened to operate one of the successful 'MeltKraft' chains of high-end grilled cheese sandwich shops [ . . . ]," and "ERAN WASJWOL [is the] principal of [VALLEY SHEPHERD 442 LLC]. *See* first state lawsuit Complaint, ¶¶ 1, 18, annexed as **EXHIBIT B**; and

    e.   Corporate Defendant VALLEY SHEPHERD 442 LLC and Individual Defendant ERAN WAJSWOL admitted in the Answer of a second state lawsuit brought by their landlord, under the caption *KC-3 101 MACDOUGAL STREET, LLC v. ERAN WAJSWOL et al*, Index No.: *157484*/2016 ("second state lawsuit"), that "VALLEY SHEPHERD [442 LLC] operates under the business name MeltKraft []", and "[ERAN] WAJSWOL is a member of Meltkraft []". *See* second state lawsuit Answer ¶¶ 3, 5; Complaint ¶ 4, annexed collectively as **EXHIBIT C**.

8.    VALLEY SHEPHERD LLC is a foreign business corporation organized under the laws of the State of New Jersey with an address for service of process located at 79 Sullivan Street, New York, NY 10012, and multiple actual places of business located at (i) 1000 S 8th Avenue, New York, NY 10019 (retail concourse located at the 59th Street Columbus Circle Subway Station a/k/a Turnstyle at Columbus Circle, in New York, NY 10023; and (ii) 3 Hanover Square, Store #7, New York, NY 10005.

9.     VALLEY SHEPHERD 442 LLC is a foreign business corporation organized under the laws of the State of New Jersey with an address for service of process located at 50 Fairmount Road, Long Valley, New Jersey 07853, and multiple actual places of business located at (i) 211 7th Avenue, Brooklyn, NY 11215; and (ii) 101 MacDougal Street, New York, NY 10012.

10.     VALLEY SHEPHERD H3 LLC is a foreign business corporation organized under the laws of the State of New Jersey with an actual place of business located at 3 Hanover Square, Store #7, New York, NY 10005, and an address for service of process located at 50 Fairmount Road, Long Valley, New Jersey 07853.

11.     JOHN DOE CORP. 1 is a business corporation organized with an actual place of business and address for service of process located at 151 E 43rd Street, New York, NY 10017.

12.     JOHN DOE CORP. 2 is a business corporation organized with an actual place of business and address for service of process located at 41 W 40th Street, New York, NY 10018.

13.     ERAN WAJSWOL is the co-founder, co-owner and Chief Executive Officer of each of the Corporate Defendants. ERAN WAJSWOL exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to ERAN WAJSWOL directly regarding any of the terms of their employment, and ERAN WAJSWOL would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ERAN WAJSWOL regularly visits the

restaurants, and he directly reprimands any employee who does not perform his or her duties correctly.

14.     DEBRA VAN SICKLE is the co-founder, co-owner of each of the Corporate Defendants. DEBRA VAN SICKLE exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. She exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to DEBRA VAN SICKLE directly regarding any of the terms of their employment, and DEBRA VAN SICKLE would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. DEBRA VAN SICKLE regularly visits the restaurants, and she directly reprimands any employee who does not perform his or her duties correctly.

15.     At all relevant times, each of the Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

16.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including cashiers, cooks, line-cooks, food preparers, dishwashers, cleaning persons, waiters, busboys, runners, bartenders,

barbacks and hostesses) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the all overtime wages. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants in New York State on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, (including cashiers, cooks, line-cooks, food preparers, dishwashers, cleaning persons, waiters, busboys, runners, bartenders, barbacks and hostesses) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

21.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

23.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who

are not named in the Complaint a degree of anonymity, which allows for the vindication of their

rights while eliminating or reducing these risks.

27.     There are questions of law and fact common to the Class which predominate over

any questions affecting only individual class members, including:

      a.   Whether Defendants employed Plaintiff and the Class within the meaning of

the New York law;

      b.   What are and were the policies, practices, programs, procedures, protocols and

plans of Defendants regarding the types of work and labor for which Defendants

did not pay the Class members properly;

      c.   At what common rate, or rates subject to common methods of calculation, was

and are Defendants required to pay the Class members for their work;

      d.   Whether Defendants failed to properly compensate Plaintiff and Class members

for overtime under state and federal law for all hours worked over 40 per

workweek;

      e.   Whether Defendants failed to pay Plaintiff and Class members the spread-of-

hours premium as required by the NYLL;

      f.   Whether Defendants provided to Plaintiff and Class members proper wage and

hour notice, at date of hiring and annually, per requirements of the NYLL; and

      g.   Whether Defendants provided to Plaintiff and Class members proper wage

statements with each payment of wages as required by NYLL.

## STATEMENT OF FACTS

28.     In or about December 2016, Plaintiff DONIEKA CANARIO was hired to work as

a cashier at Defendants' Columbus Circle/Turnstyle MeltKraft restaurant, located at the retail

10

concourse at the 59th Street Columbus Circle Subway Station a/k/a Turnstyle at Columbus Circle, in New York, NY 10023. Plaintiff was discharged on or about February 20, 2017.

29.     Plaintiff also regularly worked at Defendants' Park Slope MeltKraft restaurant, located at 211 7th Avenue, Brooklyn, NY, 11215 and various other seasonal locations.

30.     Throughout Plaintiff's employment, she regularly worked without taking breaks from 3:00 p.m. to 9:30 p.m. on Mondays through Fridays, from 8:00 a.m. to 8:00 p.m. on Saturdays and Sundays, for a total of up to fifty-six and half (56.5) hours per week.

31.     Throughout Plaintiff's employment, she was never allowed to take lunch breaks. In addition, she was never paid a spread-of-hours premium for any Saturdays and Sundays when her work hours were above ten (10) hours per day.

32.     Throughout her employment, Plaintiff was paid a straight rate of $11 per hour for all hours worked, including hours in excess of forty (40) hours per week. In addition, she was never provided with wage notices and wage statements.

33.     Based on Plaintiff's personal observation, discussions with co-workers, other non-exempt employees in all MeltKraft restaurants were subject to Defendants' wage-and-hour policies.

34.     Although Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, Defendants never paid them overtime wages in violation of the FLSA and NYLL.

35.     Although Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over ten (10) hours per day on each Saturdays and Sundays, Defendants never paid them "spread-of-hour" premium in violation of the NYLL.

36.     Defendants never provided wage notices and wage statements to Plaintiff, FLSA Collective Plaintiffs and Class members in violation of the NYLL.

37.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

38.     Plaintiff realleges and reavers Paragraphs 1 through 37 of this class and collective action Complaint as if fully set forth herein.

39.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

40.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

41.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

42.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

42.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs

should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked and at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

43.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

44.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

45.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages.

46.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

47.     Plaintiff realleges and reavers Paragraphs 1 through 46 of this class and collective action Complaint as if fully set forth herein.

48.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

49.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

50.     Plaintiff and other Class Members regularly worked for over ten (10) hours per day on each Saturdays and Sundays, but were never paid "spread-of-hours" premium.

51.     Defendants failed to properly notify Plaintiffs and Class members of their hourly pay rate and overtime rate, in direct violation of the NYLL.

52.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the NYLL.

53.     Defendants failed to provide proper wage statements with every payment as required by NYLL.

54.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid overtime wages, unpaid spread-of-hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

14

c)   An award of unpaid overtime compensation due under the FLSA and the NYLL;

d)   An award of liquidated and/or punitive damages for failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e)   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the NYLL;

f)   An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g)   An award of the spread-of-hours pay pursuant to the NYLL;

h)   An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i)   Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

j)   Designation of this action as a class action pursuant to F.R.C.P. 23;

k)   Designation of Plaintiffs as Representatives of the Class; and

l)   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: August 23, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: _____ */s/ C.K. Lee* _____
                   C.K. Lee, Esq.